UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CONRAD STULL,<br><br>Petitioner,<br><br>v.<br><br>RON BROOMFIELD,<br><br>Respondent. | Case No. 23-cv-04756-JST<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, an inmate at San Quentin State Prison, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary decision. ECF No. 1. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has paid the filing fee. ECF No. 6.

## DISCUSSION

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Order to Show Cause**

Petitioner was convicted of second-degree robbery with a firearm enhancement and is currently serving a term of ten years pursuant to that conviction. ECF No. 1 at 1. This action does

1  not challenge that conviction or sentence, and instead challenges a disciplinary decision. On
2  October 20, 2020, while housed at Valley State Prison, a rules violation report ("RVR") was issued
3  to Petitioner, charging him with conspiring to introduce controlled substances with intent to
4  distribute, based on the June 12, 2020 discovery of heroin inside mail addressed to Petitioner. On
5  May 21, 2021, Petitioner was found guilty of the RVR and assessed various penalties, including the
6  forfeiture of 180 days of goodtime/worktime credits. ECF No. 1 at 6-7, 16-28.

Petitioner reports filing unsuccessful state court petitions to challenge the disciplinary conviction and related credit forfeiture. ECF No. 1 at 42-87.

The petition alleges the following claims for federal habeas relief: (1) there was not "some evidence" to support the guilty finding; and (2) the hearing on the RVR was not held within the time set forth in 15 Cal. Code Regs. § 3316(c)(1)(A). *See generally* ECF No. 1.

With respect to prison disciplinary proceedings, the Due Process Clause requires only the following procedural protections: written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, aid to the accused where the inmate is illiterate or the issues are complex, some evidence to support the decision, and information forming the basis for prison disciplinary actions that has some indicia of reliability. *See Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974); *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987). Liberally construed, the first claim states a cognizable claim for federal habeas relief because it alleges that the guilty finding was not supported by "some evidence." However, the second claim alleges only an error of state law and does not state a claim for federal habeas relief. The Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419–20 (9th Cir. 1994), *overruled on other grounds by Sandin*, 515 U.S. 472. The Court DIMISSES the second claim with prejudice for failure to state a claim for federal habeas relief, and orders Respondent to show cause why Petitioner should not be granted habeas relief with respect to the first claim.

/ / /

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2. The Court DISMISSES with prejudice the petition's second claim that the hearing on the rules violation report was not held within the time set forth in 15 Cal. Code Regs. § 3316(c)(1)(A) because it fails to state a claim for federal habeas relief.

3. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim(s) found cognizable herein. Respondent shall file with the answer and serve on Petitioner all documents that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

4. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2255 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772

3

1  (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

2        6.     Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated:  November 17, 2023



JON S. TIGAR
United States District Judge