UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CONRAD STULL,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN CHANCE ANDES,<br><br>    Respondent. | Case No. 23-cv-04756-JST<br><br>**ORDER GRANTING REQUEST FOR JUDICIAL NOTICE; GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: ECF Nos. 8, 9 |

Petitioner, an inmate at San Quentin Rehabilitation Center,[1] has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary decision. ECF No. 1. Respondent has filed a motion to dismiss the petition for failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b)(1), ECF No. 8, and an accompanying request for judicial notice, ECF No. 9. Petitioner has not filed an opposition, and the deadline to so has since passed. For the reason set forth below, the Court GRANTS the request for judicial notice, ECF No. 9; GRANTS the motion to dismiss, ECF No. 8; DISMISSES the petition without prejudice to refiling once state court remedies are exhausted; and DENIES a certificate of appealability.

**DISCUSSION**

**I.    Request for Judicial Notice**

The Court GRANTS Respondent's request for judicial notice of the following state court records: (1) habeas petition filed in *In re James Conrad Stull on Habeas Corpus*, Cal. Ct. of App., First District, C No. A166096; (2) order denying habeas petition filed in *In re James Conrad Stull*

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Chance Andes as respondent because he is Petitioner's current custodian.

*on Habeas Corpus*, Cal. Ct. of App., First District, C No. A166096; and (3) the docket sheet for *Stull (James Conrad) on H.C.*, Cal. Sup. Ct. C No. S279105.  Federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue."  *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted); *see also Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014) ("It is well established that [federal courts] may take judicial notice of proceedings in other courts.").  The Court takes judicial notice of the three state court records listed above because they have a direct relation to the issues raised in this motion.

## II. Motion to Dismiss

### A. Background

In 2019, Petitioner was convicted of second-degree robbery with a firearm enhancement and is currently serving a term of ten years pursuant to that conviction.  ECF No. 1 at 1.  This petition does not challenge that conviction or sentence.  Instead, this petition challenges a May 21, 2021 disciplinary decision.  *See generally* ECF No. 1.

#### 1. Guilty RVR Finding and Related Grievances

On June 12, 2020, heroin was discovered inside mail addressed to Petitioner.  On October 20, 2020, Petitioner was issued a rules violation report ("RVR") that charged him with conspiring to introduce controlled substances with intent to distribute, based on the June 12, 2020 heroin discovery.  On May 21, 2021, Petitioner was found guilty of the RVR and assessed various penalties, including the forfeiture of 180 days of goodtime/worktime credits.  ECF No. 1 at 6-7, 16-28.

On or about June 4, 2021, Petitioner filed Grievance No. 125007, arguing that there was no evidence to support the guilty RVR finding and that the hearing on the RVR was not held within the time set forth in 15 Cal. Code Regs. § 3316(c)(1)(A).  ECF No. 9 at 39-42.  On July 10, 2021, the grievance was denied at the first level.  The first level denial found that that the guilty RVR finding was appropriate under the circumstances, and did not address Petitioner's second argument regarding the failure to timely hold the hearing.  ECF No. 9 at 43-44.  As discussed further below,

Petitioner states that he never received this first level response.

On August 10, 2021,[2] Petitioner prepared a letter addressed to the Appeals Coordinator. In this letter, Petitioner stated the following. He had not received a first level response to his grievance and that first level response had been due August 4, 2021. After speaking with his counselor, Petitioner was given a copy of the first level response. Petitioner intends to appeal the first level response. ECF No. 9 at 45. Plaintiff reports sending this letter on September 1, 2021. *Id.*

On August 14, 2021, Petitioner filed Grievance No. 152667 / VSP 152753, alleging that the deadline for issuing a first-level response to Grievance No. 125007 was August 4, 2021, yet he had not received any response. ECF No. 9 at 48.

On or about August 15, 2021, Petitioner met with Correctional Counselor I ("CCI") N. Lee and told her that that the deadline for issuing the first-level response to Grievance No. 125007 had passed on August 4, 2021, and he had not received any response. ECF No. 9 at 46. Petitioner's counselor checked the computer and found that the first level response had been completed on July 10, 2021. ECF No. 9 at 46. Petitioner asked for, and received, a copy of the first-level response. ECF No. 9 at 46.

On August 18, 2021, Grievance No. 152667 / VSP 152753 was rejected as disallowed under state regulations prohibiting grievances concerning the regulatory framework of the grievance process itself. The rejection notice also informed Petitioner that the Office of Grievance had mailed Petitioner the grievance response in accordance with policy timeframes on July 29, 2021. The rejection notice attached a copy of the response for Plaintiff's records. ECF No. 9 at 49.

On September 1, 2021, Petitioner sent the letter that he had prepared on August 10, 2021. ECF No. 9 at 45.

---

[2] The letter appears to state that it was written on "Aug 10, 2021," ECF No. 9 at 45, but this date may be a typographical error. This letter references Petitioner's meeting with his correctional counselor where he received the first-level response. However, according to Petitioner's September 16, 2021 letter to the Appeals Coordinator, that meeting took place on August 15, 2021. ECF No. 9 at 46. Any letter referencing the August 15, 2021 meeting therefore would have been written on August 15, 2021 or later.

1    On September 16, 2021, Petitioner sent the Appeals Coordinator a letter informing the
2    Appeals Coordinator that he did not know of the first-level response until August 15, 2021, when
3    he asked this correctional counselor to check on the status of Grievance No. 125007; that he
4    immediately sent the Appeals Coordinator an appeal of the first-level decision through the legal
5    mail system at San Quentin State Prison;[3] that on September 13, 2021, he informed CCI N. Lee
6    that he still had not received a copy of the first-level response via mail; that CCI N. Lee informed
7    Petitioner that the system indicated that the first-level response was sent out; and that CCI N. Lee
8    provided Petitioner with a printout of the original grievance. That same day, Petitioner again
9    submitted an appeal of Grievance No. 125007, this time using the grievance form. ECF No. 9 at
10   40, 46-47.

There is nothing in the record indicating that Petitioner received a second-level, and final, response to Grievance No. 125007.

### 2. State Court Proceedings

On November 22, 2021, Petitioner filed a petition for writ of habeas corpus in the Marin County Superior Court, arguing that he was wrongfully found guilty of the RVR and that he was not provided a hearing within the thirty days of revoking his initial waiver, as required by state regulations. After informal briefing, the Marin County Superior Court denied the habeas petition on the merits on May 31, 2022, finding that there was "some evidence" supporting the guilty finding and that conducting the hearing two days after the required 30-day period expired was a "minimal technical violation [that did] not amount to a deprivation of due process." ECF No. 1 at 86-87.

On September 14, 2022, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, First Appellate District, arguing that (1) there was not "some evidence" to support the guilty RVR finding; and (2) the hearing on the RVR was not held within the time set forth in 15 Cal. Code Regs. § 3316(c)(1)(A). ECF No. 9 at 6-63. On February 16,

---

[3] San Quentin State Prison and San Quentin Rehabilitation Center refer to the same facility. In early 2023, San Quentin State Prison was renamed San Quentin Rehabilitation Center. *See* http://gov.ca.gov/2023/03/17/san-quentin-transformation (last visited Mar.14, 2024).

4

2023, the Court of Appeal denied the petition as follows:

> The petition for writ of habeas corpus is denied. The record reflects "some evidence" to support the prison disciplinary action. (*Superintendent v. Hill* (1985) 472 U.S. 445, 454-456).

ECF No. 9 at 65.

On March 20, 2023, Petitioner filed a petition with the California Supreme Court. ECF No. 9 at 67. On June 14, 2023, the California Supreme Court denied the petition as follows:

> The petition for writ of habeas corpus is denied. (See *In re Dexter* (1979) 25 Cal.3d 921, 925-926 [a habeas corpus petitioner must exhaust available administrative remedies]; *People v. Duvall* (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; *In re Swain* (1949) 34 Cal.2d 300, 304 [a petition for a writ of habeas corpus must allege sufficient facts with particularity].)

ECF No. 1 at 42.

### B. Motion to Dismiss

On or about September 18, 2023, Petitioner filed the instant petition for a writ of habeas corpus. *See generally* ECF No. 1. On November 17, 2023, the Court screened the petition and found that it alleged the following claims for federal habeas relief: (1) there was not "some evidence" to support the guilty finding; and (2) the hearing on the RVR was not held within the time set forth in 15 Cal. Code Regs. § 3316(c)(1)(A). ECF No. 7. The Court ordered Respondent to show cause why federal habeas relief should not be granted. *Id.*

Respondent has filed a motion to dismiss, arguing that the petition is barred because Petitioner failed to comply with the exhaustion requirement set forth in the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"). Respondent argues that Petitioner's due process claim is unexhausted because the California Supreme Court was unable to reach the merits of the claim because Petitioner failed to exhaust administrative remedies, as required by *In re Dexter*, 25 Cal.3d 921, 925-926 (Cal. 1979). *See generally* ECF No. 8. Petitioner has not responded to the motion to dismiss, and the deadline to do so has passed.

#### 1. Exhaustion Requirement

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies,

5

either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution," *Duncan v. Henry*, 513 U.S. 364, 368 (1995), and must be given an opportunity to rule on the claims even if review is discretionary, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, *see Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted); or (2) no state remedy remains available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). The court generally may not grant relief on an unexhausted claim. *See* 28 U.S.C. § 2254(b)(1).

### 2. California's Exhaustion Requirement

As a general rule, a California prisoner-petitioner must exhaust administrative remedies before he files a habeas petition in a California state court. *See In re Dexter*, 25 Cal. 3d 921, 925 (1979) ("As a general rule, a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies. The requirement that administrative remedies be exhausted applies to grievances lodged by prisoners.") (internal quotation marks and citations omitted). During the relevant time period, the California Department of Corrections and Rehabilitations provided its inmates with the administrative remedy process set forth in 15 Cal. Code Regs. §§ 3480 *et. seq.*[4] This process provides for two levels of review for non-healthcare grievances. At the first level, the inmate submits a form CDCR 602-1 to the Institutional Office of Grievances at the prison or other facility where he is housed. 15 Cal. Code Regs. § 3482(a), (c). If the inmate is dissatisfied with the Institutional Office of Grievances' first level decision, he may appeal it for a

---

[4] In 2020, the regulations that set out the features of the administrative remedies process for California prisoners underwent a substantial restructuring. On March 25, 2020, and effective June 1, 2020, 15 Cal. Code Regs. §§ 3084-3084.9 were repealed and replaced with renumbered and amended provisions at Sections 3480-3487.

second level review by submitting a form CDCR 602-2 to the CDCR's Office of Appeals in Sacramento. *Id.* at §§ 3481(a), 3485(a). The CDCR's administrative remedies are exhausted when the inmate receives the following decisions on his grievance from the Office of Appeals: "denied," "granted," "no jurisdiction," "identified as staff misconduct," "pending legal matter," or "time expired," in accordance with 15 Cal. Code Regs. § 3485 (g)(1)-(g)(3), (g)(8)-(g)(10). 15 Cal. Code Regs. § 3485(1)(1). Administrative remedies are not exhausted where the review process results in the Office of Appeals issuing the following decisions: "redirect," "reassign," "reject" or "disallowed."[5] 15 Cal. Code Regs. § 3485(1)(2).

### 3. Analysis

The California Supreme Court denied Petitioner's state habeas petition with a citation to *In re Dexter* and a parenthetical indicating that *Dexter* was cited for the proposition that a habeas corpus petitioner must exhaust available administrative remedies. The California Supreme Court's citation to *Dexter* indicates that it declined to consider Petitioner's claims on the merits because he had failed to exhaust his available administrative remedies. *See Herrera v. Gipson*, No. 2:12-CV-2982 TLN DAD, 2014 WL 5463978, at *2–3 (E.D. Cal. Oct. 27, 2014) ("District courts in California have consistently held that if the California Supreme Court denies an exhaustion petition with a citation to *In re Dexter*, the prisoner has not exhausted state court remedies as required.") (collecting cases). Accordingly, Petitioner's available state remedies have not been exhausted. *See Harris v. Super. Ct.*, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc) ("If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation."). After the California Supreme Court rejected the petition for the procedural reason that Petitioner had not first exhausted state administrative remedies, Petitioner had the ability to exhaust his administrative remedies for his claims and then refile his state habeas petition. Petitioner did not do so, and

---

[5] 15 Cal. Code Regs. § 3845(g)(4)-(g)(7) sets forth definitions for the following decisions on grievances: "redirect," "reassign," "reject" or "disallowed." 15 Cal. Code Regs. § 3845(g)(4)-(g)(7)

instead filed a federal habeas petition.

In light of the California Supreme Court's denial of the habeas petition with a citation to *In re Dexter*, and Petitioner's failure thereafter to exhaust administrative remedies and return to the California Supreme Court, this Court finds that Petitioner has not exhausted his state judicial remedies for the claim in his federal petition for writ of habeas corpus, as required by 28 U.S.C. § 2254(b), (c).[6] *See, e.g., LeBlanc v. Johnson*, No. 2:21-CV-1475 JAM-DMC-P, 2021 WL 4478734, at *4 (E.D. Cal. Sept. 30, 2021), *report and recommendation adopted*, C No. 2:20-CV-1475 JAM-DMC-P, 2021 WL 5999394 (E.D. Cal. Dec. 20, 2021) (citation to *In re Dexter* indicates that state court denied petition for failure to exhaust administrative remedies; *In re Dexter* citation indicates that state court did not reach merits and state court remedies were not exhausted); *Kindred v. Sup. Ct. of Cal. Cty. of Orange*, C No. 1:21-CV-00532 AWI-JLT-HC, 2021 WL 3563091, at *2 (E.D. Cal. Aug. 12, 2021), *report and recommendation adopted*, C No. 1:21-CV-00532 AWI-JLT-HC, 2021 WL 4429301 (E.D. Cal. Sept. 27, 2021) (same); *Stamos v. Davey*, C No. 16-cv-4860 TEH, 2017 WL 412619, *1 (N.D. Cal. Jan. 31, 2017) (granting motion to dismiss habeas petition challenging disciplinary decision with loss of time credits as unexhausted because California Supreme Court summarily denied petition with a citation to *In re Dexter*); *Riley v. Grounds*, No. C No. 13-cv-2524 TEH, 2014 WL 988986 at *4 (N.D. Cal. Mar. 10, 2014) (granting motion to dismiss petition as unexhausted in light of California Supreme Court's summary denial with a citation to *In re Dexter*).

/ / /

/ / /

---

[6] The Court is also procedurally barred from reviewing his habeas petition pursuant to the procedural default rule. The procedural default rules provides that a federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994) (procedural default rule is specific instance of more general "adequate and independent state grounds" doctrine). California's administrative exhaustion rule is based solely on state law and therefore independent of federal law. *Herrera v. Gipson*, C No. 2:12-cv-2982 TLN DAD P, 2014 WL 5463978, at *3 (E.D. Cal. Oct. 27, 2014). "District courts in California have . . . consistently held that if the California Supreme Court denies an exhaustion petition with a citation to *In re Dexter*, federal habeas review is procedurally barred because California's administrative exhaustion is both independent of federal law and adequate to support the state court judgment." *Id.* (collecting cases). Accordingly, federal habeas review of this habeas action is also procedurally barred.

**CERTIFICATE OF APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, *id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

**CONCLUSION**

For the reasons stated above, the Court orders as follows.

1. In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Chance Andes as respondent because he is Petitioner's current custodian.

2. The Court GRANTS the request for judicial notice. ECF No. 9.

3. The Court GRANTS the motion to dismiss, ECF No. 8; DISMISSES the petition without prejudice to refiling once state court remedies are exhausted; and DENIES a certificate of appealability. The Clerk shall enter judgment in favor of Respondent and close the file.

This order terminates ECF Nos. 8, 9.

**IT IS SO ORDERED.**

Dated: July 17, 2024



JON S. TIGAR
United States District Judge